Joshua B. Swigart (SBN 225557)
Josh@SwigartLawGroup.com
Noah J. Larsh (SBN 348541)
Noah@SwigartLawGroup.com
**SWIGART LAW GROUP, APC**
2221 Camino del Rio S, Ste 308
San Diego, CA  92108
P: 866-219-3343

Daniel G. Shay (SBN 250548)
Dan@ShayLegal.com
**SHAY LEGAL, APC**
2221 Camino del Rio S, Ste 308
San Diego, CA  92108
P: 619-222-7429

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLINA VANDERPOEL, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br><br>LITTLE SLEEPIES, INC.,<br><br>Defendant. | Case No:   **'26 CV 4008 AJB  MSB**<br><br>CLASS ACTION COMPLAINT FOR VIOLATIONS OF:<br><br>(1) Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2511(1), *et seq.*;<br><br>(2) California Invasion of Privacy Act ("CIPA"), Cal. Pen. Code § 631(a);<br><br>(3) California Invasion of Privacy Act ("CIPA"), Cal. Pen. Code § 638.51;<br><br>(4) Invasion of Privacy Under California's Constitution, Article 1, Section 1;<br><br>(5) Intrusion Upon Seclusion<br><br>Jury Trial Demanded |

Complaint - Class Action

**INTRODUCTION**

1. Plaintiff Carolina Vanderpoel ("Plaintiff") brings this class action complaint on behalf of Plaintiff and all others similarly situated (the "Class Members") against defendant Little Sleepies, Inc. ("Defendant") for violations of the Electronic Communications Privacy Act (the federal Wiretap Act), 18 U.S.C. § 2511(1), et seq.; the California Invasion of Privacy Act, Cal. Penal Code §§ 631(a) and 638.51; the right to privacy guaranteed by Article I, Section 1 of the California Constitution; and the California common law prohibiting intrusion upon seclusion. This action is based upon personal knowledge of the facts pertaining to Plaintiff, and on information and belief as to all other matters, by and through the investigation of undersigned counsel.

**NATURE OF THE ACTION**

2. Plaintiff brings this action against Defendant for intercepting, recording, decoding, capturing, disclosing, and using the contents of Plaintiff's and Class Members' electronic communications with Defendant's Website, as well as their routing, addressing, and signaling information, and for aiding Meta Platforms, Inc. ("Meta") to do the same, by means of a tracking pixel ("Meta Pixel") and related tracking technologies embedded in Defendant's Website. This conduct violates the Electronic Communications Privacy Act (the federal Wiretap Act), 18 U.S.C. § 2511(1), et seq.; the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 630 et seq., including §§ 631(a) and 638.51; the right to privacy guaranteed by Article I, Section 1 of the California Constitution; and the California common law prohibiting intrusion upon seclusion.

3. The Meta Pixel and related technologies did more than capture routing and signaling data. As Plaintiff's own off-Facebook activity confirms, they intercepted the contents of Plaintiff's and Class Members' communications with the Website—including the full URL strings, search queries, and the specific products and content they viewed—and transmitted those contents to Meta and other third

2

Complaint - Class Action

parties contemporaneously with, and as a duplicate of, the users' communications with Defendant. This interception, disclosure, and use of communication contents, without the consent of Plaintiff and Class Members, violates the federal Wiretap Act, 18 U.S.C. § 2511(1), and CIPA, Cal. Penal Code § 631(a).

4. Defendant's covert interception of these communications and the personal information of Plaintiff and Class Members, the linking of that information to their real-world identities and Facebook accounts through persistent identifiers, and the disclosure and exploitation of that information for Defendant's and Meta's commercial benefit, also invaded Plaintiff's and Class Members' privacy in violation of Article I, Section 1 of the California Constitution and the California common law prohibiting intrusion upon seclusion.

## PARTIES

5. Plaintiff is a natural person and an adult citizen of the state of California, domiciled in San Diego County, California.

6. Defendant is a corporation formed in California with its principal place of business in California. Defendant owns and operates the Website that is the subject of this litigation.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, 18 U.S.C. § 2511(1), et seq. and 28 U.S.C. § 1367 for supplemental state claims.

8. This Court has personal jurisdiction over Defendant because Defendant is a corporation that gathers, takes, uses, and shares the information of Californians, including Plaintiff and Class Members. The events and conduct giving rise to Plaintiff's claims occurred in California, within this judicial district. The violations complained of herein resulted from Defendant's purposeful and tortious acts directed towards citizens of California, such as Plaintiff, while they were located in California, within this judicial district.

3

Complaint - Class Action

9. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) the conduct complained of herein occurred within this judicial district; and (ii) Defendant conducted business within this judicial district at all times relevant.

## COMMON FACTUAL ALLEGATIONS

10. Defendant owns and operates the website https://www.littlesleepies.com (the "Website"), through which consumers in California and elsewhere browse and access the website for personal use.

11. Although the Website presents itself as a provider of housing and real estate services, Defendant also deals in data, which has become an increasingly valuable commodity. To collect that data, Defendant deployed tracking technologies on the Website, including a tracking pixel made available by Meta Platforms, Inc. ("Meta") (the "Meta Pixel").

12. These tracking technologies are embedded in the source code of the Website and are designed to capture, record, and transmit information associated with each visitor's communications with the Website at the moment of interaction. They track visitors and their interactions—including the pages they visit, the links they click, the items they search for and view, their location, and various identifying information—and they aid third parties such as Meta to do the same.

13. When Plaintiff and Class Members visited the Website, the Meta Pixel installed a "_fbp" cookie on their computers, creating a unique browser identifier for each visitor. When those visitors logged into Facebook from the same browser, Meta paired the "_fbp" cookie with each visitor's Facebook account using the "c_user" cookie that Meta had placed on their computers, and Defendant transmitted to Meta an "external_id" advanced-matching parameter, enabling Defendant and Meta to identify the visitor in the real world.

14. Plaintiff visited and interacted with the Website, including by browsing, searching for, and viewing products, and thereby exchanged communications with Defendant through the Website.

4

Complaint - Class Action

15. Each time Plaintiff and Class Members navigated, searched, browsed, and interacted with the Website, they transmitted electronic communications to, and exchanged electronic communications with, Defendant's servers. These communications were transfers of signs, signals, writing, images, data, and intelligence transmitted in whole or in part by a wire, radio, electromagnetic, photoelectronic, or photooptical system that affects interstate commerce.

16. These communications contained their contents, that is, information concerning the substance, purport, and meaning of the communications, including the search terms Plaintiff and Class Members entered, the specific products and pages they requested and viewed, the contents of those requests, and the responses they received.

17. By means of the Meta Pixel and related tracking code embedded in the Website, Defendant intercepted the contents of these communications, and not merely record information. The intercepted contents included the full Uniform Resource Locator ("URL") strings of the pages Plaintiff and Class Members requested, the search queries they entered (transmitted to Meta as "Search" events), and the specific products and content they viewed (transmitted as "Page View" events).

18. These URL strings, search queries, and event data reveal the substance, purport, and meaning of what Plaintiff and Class Members communicated to the Website— what they searched for, what they were interested in, and what they viewed and did—and are therefore contents, not mere addressing or routing information that identifies only a general webpage address or basic subscriber data.

19. Plaintiff confirmed this conduct by downloading Plaintiff's "off-Facebook activity" ("OFBA") from Facebook. The OFBA reveals that Defendant systematically transmitted to Meta the details of Plaintiff's interactions with the Website, including unique identifiers associated with Plaintiff, timestamps, and descriptions of specific interactions such as "Search" and "Page View."

Complaint - Class Action

20. The interception occurred while the communications were in transit. The Meta Pixel's code executed within Plaintiff's and Class Members' browsers and transmitted the contents of their communications to Meta and other third parties at the moment of, or simultaneously with, the user's interaction with the Website, and before or contemporaneously with the communications being received by Defendant.

21. The Meta Pixel, the associated tracking code and cookies (including the "_fbp" cookie), Plaintiff's and Class Members' browsers and computing devices, and Defendant's and Meta's web servers each functioned as a device used to intercept the contents of an electronic communication.

22. Defendant's interception was intentional. Defendant made the conscious decision to install the Meta Pixel by adding the pixel code to the Website, and did so for the purpose of capturing, transmitting, and exploiting the contents of its users' communications. According to Meta, the Meta Pixel allows Meta to match a website's visitors to their respective Facebook accounts and to tally their actions for advertising and optimization purposes.

23. Defendant intentionally disclosed the contents of these communications to Meta and other third parties, intentionally used those contents for its own purposes including marketing and advertising optimization, and procured Meta and others to intercept those contents.

24. Neither Plaintiff nor Class Members consented to the interception, disclosure, or use of the contents of their communications, or to the transmission of those contents to Meta and other third parties. Plaintiff and Class Members were unaware that Defendant had installed the Meta Pixel or that the contents of their communications were being routed to third parties.

25. Defendant carried out this interception for the purpose of committing independent criminal and tortious acts—including invasion of privacy, intrusion upon seclusion, and violations of the California Invasion of Privacy Act—by

6

Complaint - Class Action

surreptitiously surveilling Plaintiff's and Class Members' communications, aggregating their contents with persistent identifiers tying the data to their real-world identities and Facebook accounts, and disclosing and exploiting that information for Defendant's and Meta's commercial benefit. That Defendant also acted for commercial gain does not change this purpose, because committing a tort and seeking a profit are not mutually exclusive.

26. The Meta Pixel and associated tracking code are a machine, instrument, contrivance, or other manner used to engage in the interception described above, and they operate with respect to electronic and internet communications.

27. Meta is a third party to the communications between Plaintiff and Class Members, on the one hand, and Defendant, on the other. Meta is a separate legal entity that offers software-as-a-service and is not a mere passive recording device; Meta has the independent capability and intent to use the intercepted contents for its own commercial purposes, including building user profiles and serving targeted advertising.

28. By means of the Meta Pixel, Defendant willfully and without the consent of all parties read, attempted to read, and learned the contents and meaning of Plaintiff's and Class Members' communications with the Website while those communications were in transit; aided, agreed with, employed, and conspired with Meta and other third parties to do the same; and used the contents so obtained for its own purposes.

29. This interception occurred in California, where Plaintiff and Class Members were located when they communicated with the Website.

30. In addition to the contents of the communications, the Meta Pixel and related technologies captured, recorded, and decoded the routing, addressing, and signaling information associated with Plaintiff's and Class Members' communications with the Website, including the domains contacted, the IP

7

addresses of the sender and receiver, the times the connections were made, and persistent identifiers such as the "_fbp" cookie and the "external_id" parameter.

31. Defendant's installation and use of the Meta Pixel functioned as a pen register because it recorded and decoded the outgoing routing, addressing, and signaling information that Defendant transmitted to Class Members' computers from its servers, and Defendant aided Meta to do the same.

32. Defendant's installation and use of the Meta Pixel also functioned as a trap and trace device because it captured incoming routing, addressing, and signaling information reasonably likely to identify Plaintiff and Class Members as the sources of the communications they transmitted to Defendant's servers, and Defendant aided Meta to do the same.

33. Defendant did not obtain a court order authorizing the installation or use of any pen register or trap and trace device.

34. A forensic review, including analysis of HTTP Archive ("HAR") data from the Website, confirms that in a single session the Website caused hundreds of GET requests to be transmitted, disseminating routing, addressing, and signaling information within seconds not only to Meta but also to other third parties.

35. Plaintiff and Class Members possess a legally protected privacy interest in the contents of their communications with the Website and in their personal information, including the search queries they entered, the specific products and content they viewed, their browsing and purchasing activity, and the persistent identifiers that link that activity to their identities.

36. Plaintiff and Class Members had a reasonable expectation of privacy in this information under the circumstances. They did not expect that a third party such as Meta would covertly intercept the contents of their communications with the Website, and Defendant gained access to that information by covert electronic means, in violation of law and established social norms.

Complaint - Class Action

37. Defendant's covert collection of this information, the linking of it to Plaintiff's and Class Members' real-world identities and Facebook accounts, and the disclosure and exploitation of it for Defendant's and Meta's commercial benefit, constitute a serious invasion of privacy that is highly offensive to a reasonable person, given the breadth and sensitivity of the information and the secret manner of its collection.

38. Plaintiff and Class Members had an objectively reasonable expectation that their communications and activity on the Website would remain private and would not be surreptitiously intercepted by, and disclosed to, a third party such as Meta.

39. Defendant intentionally intruded upon that seclusion by deploying the Meta Pixel and related technologies to surveil, capture, and transmit the contents of Plaintiff's and Class Members' communications to Meta and other third parties, without notice to or consent from Plaintiff and Class Members.

40. Defendant's intrusion was highly offensive to a reasonable person, given the breadth and sensitivity of the information intercepted, the secrecy of the collection, the linking of that information to Plaintiff's and Class Members' real-world identities through persistent identifiers, and the exploitation of that information for commercial benefit.

41. The data Defendant is known to have recorded, decoded, and captured, and aided Meta and others to obtain, represents only a portion of the information actually collected, as demonstrated by the limited disclosures available through Meta's OFBA. The full scope of Defendant's conduct is broader and will be the subject of further investigation and discovery.

## CLASS ACTION ALLEGATIONS

42. Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure, individually and on behalf of a class defined as:

> "All persons who, while physically located in California, used the Website during the period beginning May 20, 2024 through the date

9

Complaint - Class Action

of judgment, and whose electronic communications or personal information were transmitted to a third party, including Meta, by means of the Meta Pixel or other tracking technology installed on the Website" (the "Class")."

43. Subject to additional information obtained through further investigation and discovery, the above-described Class may be modified or narrowed as appropriate, including through the use of one or more subclasses.

44. Excluded from the Class are Defendant; any affiliate, parent, or subsidiary of Defendant; any entity in which Defendant has a controlling interest; any officer, director, or employee of Defendant; any successor or assign of Defendant; counsel in this action and their employees; and any judge to whom this case is assigned, together with his or her spouse, immediate family members, and staff.

45. **Numerosity.** The Class is so numerous that joinder of all members is impracticable. The exact number of Class Members is presently unknown but is estimated to be many thousands of individuals, the identities of whom are readily ascertainable from Defendant's records reflecting the period during which the Meta Pixel was installed and active on the Website, together with the records of Meta and the other third parties to which Plaintiff's and Class Members' communications and information were transmitted.

46. **Typicality.** Plaintiff's claims are typical of the claims of the Class. Like all Class Members, Plaintiff visited and communicated with the Website, and Defendant intercepted, disclosed, and used the contents of Plaintiff's communications, as well as Plaintiff's routing, addressing, and signaling information, and aided Meta to do the same, by means of the same Meta Pixel and tracking technologies and the same uniform course of conduct. Plaintiff's claims arise from the same conduct and are based on the same legal theories as the claims of the other Class Members under each of the causes of action alleged.

47. **Adequacy.** Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests are coincident with, and not antagonistic to, those of the Class.

10

Complaint - Class Action

Plaintiff has retained counsel experienced in the prosecution of class action litigation generally and in digital privacy litigation specifically, and Plaintiff and counsel are committed to prosecuting this action vigorously on behalf of the Class.

48. **Commonality and Predominance.** Questions of law and fact common to the Class predominate over any questions affecting only individual Class Members, because Defendant engaged in a uniform course of conduct applicable to the Class as a whole. These common questions include, in the order of the causes of action alleged:

  a. Whether Defendant installed and used the Meta Pixel and related tracking technologies on the Website, and aided Meta and other third parties to receive data therefrom;

  b. Whether the communications between Class Members and the Website contained "contents" within the meaning of the federal Wiretap Act and the California Invasion of Privacy Act;

  c. Whether, by means of the Meta Pixel, Defendant intentionally intercepted, used, or disclosed the contents of Class Members' electronic communications while in transit, and procured Meta and other third parties to do so, in violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2511(1) (Count I);

  d. Whether Defendant intercepted those communications for the purpose of committing a criminal or tortious act, such that the party exception of 18 U.S.C. § 2511(2)(d) does not apply (Count I);

  e. Whether Defendant, by means of the Meta Pixel, read, learned, attempted to read or learn, or aided Meta to read or learn, the contents of Class Members' communications while in transit and without the consent of all parties, and used the information so obtained, in violation of CIPA, Cal. Penal Code § 631(a) (Count II);

11

Complaint - Class Action

f. Whether the Meta Pixel constitutes a "pen register" or "trap and trace device" within the meaning of Cal. Penal Code § 638.50, and whether Defendant installed or used it, or aided Meta to do so, without a court order in violation of Cal. Penal Code § 638.51 (Count III);

g. Whether Defendant's conduct violated Class Members' right to privacy under Article I, Section 1 of the California Constitution (Count IV);

h. Whether Defendant intentionally intruded upon Class Members' seclusion in a manner highly offensive to a reasonable person under California common law (Count V);

i. Whether Class Members had a reasonable expectation of privacy in the contents of their communications and in their personal information;

j. Whether Defendant obtained the consent of Class Members to the conduct alleged; and

k. Whether Plaintiff and Class Members are entitled to statutory damages, punitive damages, restitution, injunctive and declaratory relief, and reasonable attorneys' fees and costs.

49. **Superiority.** A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Class treatment permits a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. Because the recovery available to any individual Class Member is small relative to the burden and expense of individual litigation, it would be impracticable for Class Members to seek redress individually, and the class mechanism provides the only realistic means of redress.

50. **Ascertainability and Manageability.** The Class is readily ascertainable through objective criteria, using Defendant's records reflecting when the Meta Pixel was installed and active on the Website and the records of Meta and other third parties identifying the persons whose communications and information were transmitted

12

Complaint - Class Action

to them. The uniformity of Defendant's conduct, the consistency of the governing legal standards, and the ascertainability of Class Members demonstrate that this action presents no significant manageability problems.

51. **Class-Wide Injunctive and Declaratory Relief.** Defendant has acted or refused to act on grounds generally applicable to the Class, making final injunctive and corresponding declaratory relief appropriate with respect to the Class as a whole under Rule 23(b)(2). Unless enjoined, Defendant will continue to intercept the communications and information of Class Members, and to aid Meta and other third parties to do the same, through the Meta Pixel and related technologies.

<u>COUNT I</u>

**Violation of the Electronic Communications Privacy Act**

**(Federal Wiretap Act), 18 U.S.C. § 2511(1), et seq.**

52. Plaintiff incorporates by reference each and every preceding paragraph of this Complaint as though fully set forth herein.

53. Plaintiff brings this claim against Defendant individually and on behalf of the Class.

54. The Electronic Communications Privacy Act, also known as the federal Wiretap Act ("ECPA"), 18 U.S.C. § 2510, et seq., prohibits the intentional interception, use, and disclosure of wire, oral, and electronic communications.

55. Section 2511(1)(a) imposes liability on any person who "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication." 18 U.S.C. § 2511(1)(a).

56. Section 2511(1)(c) imposes liability on any person who "intentionally discloses, or endeavors to disclose, to any other person the contents of any … electronic communication, knowing or having reason to know that the information was obtained through the interception of a … electronic communication in violation of this subsection." 18 U.S.C. § 2511(1)(c).

57. Section 2511(1)(d) imposes liability on any person who "intentionally uses, or

13

Complaint - Class Action

endeavors to use, the contents of any … electronic communication, knowing or having reason to know that the information was obtained through the interception of a … electronic communication in violation of this subsection." 18 U.S.C. § 2511(1)(d).

58. Section 2520(a) confers a private right of action upon "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter," and authorizes recovery of statutory and actual damages, punitive damages, reasonable attorneys' fees, and equitable and declaratory relief. 18 U.S.C. § 2520.

59. The communications at issue are "electronic communications" within the meaning of 18 U.S.C. § 2510(12), in that they constitute transfers of signs, signals, writing, images, data, and intelligence transmitted in whole or in part by a wire, radio, electromagnetic, photoelectronic, or photooptical system that affects interstate commerce.

60. When Plaintiff and Class Members navigated, searched, browsed, and interacted with the Website, they transmitted electronic communications to and exchanged electronic communications with Defendant's servers, including the search terms they entered, the specific products and pages they requested and viewed, the contents of those requests, and the resulting responses.

61. The ECPA protects the "contents" of an electronic communication, which "includes any information concerning the substance, purport, or meaning of that communication." 18 U.S.C. § 2510(8).

62. Defendant, by means of the Meta Pixel and other tracking technologies embedded in the source code of its Website, intercepted the contents of Plaintiff's and Class Members' electronic communications, and not merely record information. The intercepted contents included the full Uniform Resource Locator ("URL") strings of the pages Plaintiff and Class Members requested, the search queries they entered (transmitted to Meta as "Search" events), and the specific products and pages they

14

Complaint - Class Action

viewed (transmitted as "Page View" events).

63. These URL strings, search queries, and event data are "contents" because they reveal the substance, purport, and meaning of what Plaintiff and Class Members communicated to the Website—namely, what they searched for, what they were interested in, and what they viewed and did—rather than mere addressing or routing information that identifies only a general webpage address or basic subscriber information.

64. Plaintiff's own "off-Facebook activity" ("OFBA") data, downloaded from Facebook, confirms that Defendant transmitted to Meta the contents of Plaintiff's communications with the Website, including identifiers tied to Plaintiff, timestamps, and descriptions of specific interactions such as "Search," and "Page View."

65. Defendant intentionally intercepted, endeavored to intercept, and procured Meta and other third parties to intercept the contents of these electronic communications. The Meta Pixel and associated tracking code caused Plaintiff's and Class Members' browsers to transmit the contents of their communications with the Website to Meta and other third parties contemporaneously with, and as a duplicate of, the communications directed to Defendant.

66. The interception occurred while the communications were in transit. The Meta Pixel's code executed in Plaintiff's and Class Members' browsers and transmitted the contents of their communications to Meta and other third parties at the moment of, or simultaneously with, the user's interaction with the Website and before or contemporaneously with the communications being received by Defendant.

67. The Meta Pixel, the associated tracking code and cookies (including the "_fbp" cookie), Plaintiff's and Class Members' browsers and computing devices, and Defendant's and Meta's web servers each constitute a "device" within the meaning of 18 U.S.C. § 2510(5) that was used to intercept the contents of an electronic communication.

15

Complaint - Class Action

68. Defendant's interceptions were intentional. Defendant made the conscious decision to install the Meta Pixel on its Website by adding the pixel code to its website, and did so for the purpose of capturing, transmitting, and exploiting the contents of its users' communications.

69. Defendant intentionally disclosed, and endeavored to disclose, the contents of Plaintiff's and Class Members' electronic communications to Meta and other third parties, knowing or having reason to know that those contents were obtained through the interception of electronic communications, in violation of 18 U.S.C. § 2511(1)(c).

70. Defendant intentionally used, and endeavored to use, the contents of Plaintiff's and Class Members' electronic communications, knowing or having reason to know that those contents were obtained through the interception of electronic communications, in violation of 18 U.S.C. § 2511(1)(d).

71. Neither Plaintiff nor Class Members consented to Defendant's interception, disclosure, or use of the contents of their electronic communications, or to the transmission of those contents to Meta and other third parties. Plaintiff and Class Members were unaware that Defendant had installed the Meta Pixel and were unaware that the contents of their communications were being intercepted and routed to third parties.

72. To the extent Defendant contends it was a party to the communications under 18 U.S.C. § 2511(2)(d), the party exception does not apply. Defendant intercepted, disclosed, and used the contents of Plaintiff's and Class Members' communications for the purpose of committing criminal and tortious acts in violation of the Constitution and laws of the United States and of the State of California.

73. The party exception in 18 U.S.C. § 2511(2)(d) does not permit a party that intercepts, or causes the interception of, a communication to escape liability where the communication is intercepted for the purpose of committing any criminal or

16

Complaint - Class Action

tortious act in violation of the Constitution or laws of the United States or of any State.

74. A determining factor in, and the purpose of, Defendant's interception, disclosure, and use of the contents of Plaintiff's and Class Members' communications was to commit the following independent criminal and tortious acts: (a) violation of the California Invasion of Privacy Act, Cal. Penal Code § 631(a); (b) use of a pen register and trap and trace device in violation of Cal. Penal Code §§ 638.50 and 638.51; (c) invasion of privacy under Article I, Section 1 of the California Constitution; and (d) intrusion upon seclusion under California common law— each as alleged in the counts that follow and incorporated herein.

75. Independent of the act of interception, Defendant's purpose was to invade the privacy of Plaintiff and Class Members by surreptitiously surveilling their communications, aggregating the contents of those communications with persistent identifiers tying the data to their real-world identities and Facebook accounts, and disclosing and exploiting that information for Defendant's and Meta's commercial benefit—conduct that would be highly offensive to a reasonable person.

76. The seizure and use of the contents of Plaintiff's and Class Members' electronic communications, combined with unique and persistent identifiers (including the "_fbp" and "c_user" cookies and the "external_id" advanced matching parameter), enabled Defendant and Meta to identify Plaintiff and Class Members and to build detailed profiles of them, intruding upon a zone of privacy in which Plaintiff and Class Members had a reasonable expectation of privacy.

77. That Defendant also acted for commercial gain does not defeat the crime-tort exception, because committing a tort and seeking a profit are not mutually exclusive, and Plaintiff has alleged that Defendant's conduct violated independent state common law and statutory privacy protections.

78. As a direct and proximate result of Defendant's violations of the ECPA, Plaintiff

Complaint - Class Action

and Class Members have suffered injury, including the violation of their statutorily protected privacy interests, the loss of the right to control the dissemination and use of the contents of their communications, and the loss of the value of their private information.

79. Pursuant to 18 U.S.C. § 2520, Plaintiff and Class Members are entitled to recover from Defendant the greater of actual damages or statutory damages, punitive damages, reasonable attorneys' fees and litigation costs, and such preliminary, equitable, and declaratory relief as may be appropriate to enjoin Defendant's continued violations of the ECPA.

## COUNT II

### Violation of the California Invasion of Privacy Act

### Cal. Penal Code § 631(a)

80. Plaintiff incorporates by reference each and every preceding paragraph of this Complaint as though fully set forth herein.

81. Plaintiff brings this claim against Defendant individually and on behalf of the Class.

82. California Penal Code § 631(a) imposes liability on any person who, "by means of any machine, instrument, or contrivance, or in any other manner," (i) intentionally taps or makes any unauthorized connection with any telegraph or telephone wire, line, cable, or instrument; (ii) "willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state"; (iii) "uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained"; or (iv) aids, agrees with, employs, or conspires with any person to do any of the foregoing.

83. Section 631(a) is not limited to telephone or telegraph lines and applies to

18

Complaint - Class Action

electronic and internet communications.

84. The Meta Pixel and associated tracking code are a "machine, instrument, contrivance, or … other manner" used to engage in the conduct prohibited by Section 631(a).

85. As alleged above, the communications Plaintiff and Class Members exchanged with the Website included the contents of those communications, namely their full URL strings, search queries, and the specific products and content they viewed and acted upon.

86. Meta is a third party to the communications between Plaintiff and Class Members, on the one hand, and Defendant, on the other. Meta is a separate legal entity that offers software-as-a-service and is not a mere passive recording device; Meta has the independent capability and intent to use the intercepted contents for its own commercial purposes, including building user profiles and serving targeted advertising.

87. By means of the Meta Pixel, Defendant willfully and without the consent of all parties to the communication, and in an unauthorized manner, read, attempted to read, and learned the contents or meaning of Plaintiff's and Class Members' communications with the Website while those communications were in transit or being sent from or received within California.

88. By means of the Meta Pixel, Defendant aided, agreed with, employed, or conspired with Meta and other third parties to read, attempt to read, and learn the contents or meaning of Plaintiff's and Class Members' communications with the Website while those communications were in transit, in violation of Section 631(a).

89. Defendant used, and attempted to use, the contents of the communications so obtained for its own purposes, including marketing, advertising optimization, and data aggregation, in violation of Section 631(a).

90. Neither Plaintiff nor Class Members consented to Defendant's or Meta's reading, learning, use, or interception of the contents of their communications.

19

Complaint - Class Action

91. The interception occurred in California, where Plaintiff and Class Members were located when they communicated with the Website.

92. Pursuant to Cal. Penal Code § 637.2, Plaintiff and Class Members have been injured by Defendant's violations of Section 631(a) and each seeks statutory damages of $5,000 for each violation, together with injunctive relief to stop the violations alleged herein.

## COUNT III

### Use of a Pen Register or Trap and Trace Device

### Cal. Penal Code § 638.51

93. Plaintiff incorporates by reference each and every preceding paragraph of this Complaint as though fully set forth herein.

94. Plaintiff brings this claim against Defendant individually and on behalf of the Class.

95. California Penal Code Section 638.50(b) defines a "pen register" as "a device or process that records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted, but not the contents of a communication."

96. California Penal Code Section 638.50(c) defines a "trap and trace device" as "a device or process that captures the incoming electronic or other impulses that identify the originating number or other dialing, routing, addressing, or signaling information reasonably likely to identify the source of a wire or electronic communication, but not the contents of a communication."

97. California Penal Code Section 638.51 prohibits any person from installing or using a pen register or trap and trace device without a court order.

98. Defendant's act of adding the Meta Pixel to its site constitutes installing or using a "pen register" because it recorded or decoded its outgoing routing, addressing, or signaling information that it transmitted to Class Members' computers from its servers, and Defendant aided Meta to do the same, in violation of Cal. Pen. Code

20

Complaint - Class Action

§ 638.51.

99. Defendant's act of adding the Meta Pixel to its site constitutes installing or using a "trap and trace device" because it captured incoming routing, addressing, or signaling information reasonably likely to identify class members as the sources of the communications that they transmitted to Defendant's servers, and Defendant aided Meta to do the same, in violation of Cal. Pen. Code § 638.51.

100.   Pursuant to Cal. Penal Code § 637.2, Plaintiff and Class Members have been injured by Defendant's violations of Section 638.51 and each seeks statutory damages of $5,000 for each violation, together with injunctive relief to stop the violations alleged herein.

## COUNT IV

### Invasion of Privacy

### California Constitution, Article I, Section 1

101.   Plaintiff incorporates by reference each and every preceding paragraph of this Complaint as though fully set forth herein.

102.   Plaintiff brings this claim against Defendant individually and on behalf of the Class.

103.   Article I, Section 1 of the California Constitution provides that all people have an inalienable right to privacy.

104.   To state a claim for invasion of privacy under the California Constitution, a plaintiff must establish (1) a legally protected privacy interest; (2) a reasonable expectation of privacy under the circumstances; and (3) conduct by the defendant that constitutes a serious invasion of that privacy interest.

105.   Plaintiff and Class Members possess a legally protected privacy interest in the contents of their electronic communications with the Website and in their personal information, including the search queries they entered, the specific products and content they viewed, and their browsing and purchasing activity, together with the persistent identifiers that link that activity to their identities.

21

Complaint - Class Action

106.      Plaintiff and Class Members had a reasonable expectation of privacy in these communications and information. They did not expect that a third party such as Meta would covertly intercept the contents of their communications with the Website, and Defendant gained access to that information by electronic and covert means, in violation of law and established social norms.

107.      Defendant's conduct constitutes a serious invasion of privacy that is highly offensive to a reasonable person, given the breadth and sensitivity of the information collected, the covert manner of collection, the disclosure of that information to Meta and other third parties, and the use of persistent identifiers to compile detailed profiles of Plaintiff and Class Members for commercial gain.

108.      Plaintiff and Class Members did not consent to Defendant's invasion of their privacy.

109.      As a direct and proximate result of Defendant's conduct, Plaintiff and Class Members have suffered injury to their privacy interests and are entitled to compensatory and punitive damages and to injunctive and declaratory relief.

## COUNT V

### Intrusion Upon Seclusion

### California Common Law

110.      Plaintiff incorporates by reference each and every preceding paragraph of this Complaint as though fully set forth herein.

111.      Plaintiff brings this claim against Defendant individually and on behalf of the Class.

112.      To establish a claim for intrusion upon seclusion under California common law, a plaintiff must show (1) the defendant intentionally intruded into a place, conversation, or matter as to which the plaintiff had a reasonable expectation of privacy; and (2) the intrusion occurred in a manner highly offensive to a reasonable person.

113.      Plaintiff and Class Members had an objectively reasonable expectation

22

Complaint - Class Action

of privacy in the contents of their communications with the Website and in their browsing, search, and purchasing activity, including the expectation that such communications would not be surreptitiously intercepted by and disclosed to a third party such as Meta.

114.     Defendant intentionally intruded upon that seclusion by deploying the Meta Pixel and associated tracking technologies to surveil, capture, and transmit the contents of Plaintiff's and Class Members' communications to Meta and other third parties, without notice to or consent from Plaintiff and Class Members.

115.     Defendant's intrusion was highly offensive to a reasonable person, given the breadth and sensitivity of the information intercepted, the secrecy of the collection, the linking of that information to Plaintiff's and Class Members' real-world identities through persistent identifiers, and the exploitation of that information for Defendant's and Meta's commercial benefit.

116.     Plaintiff and Class Members did not consent to Defendant's intrusion.

117.     As a direct and proximate result of Defendant's conduct, Plaintiff and Class Members have suffered injury to their privacy interests and are entitled to compensatory and punitive damages and to injunctive and declaratory relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks:

- An order certifying the Class, naming Plaintiff as the representative of the Class, and naming Plaintiff's attorneys as Class Counsel to represent the Class;

- An order declaring that Defendant's conduct violated the statutes and laws referenced herein;

- An order finding in favor of Plaintiff and the Class on all counts asserted herein;

- An award of statutory damages;

- An award of punitive damages in an amount to be determined at trial;

Complaint - Class Action

- Prejudgment interest on all amounts awarded;
- Injunctive relief as pleaded or as the Court may deem proper;
- An award of reasonable attorneys' fees and expenses and costs of suit;
- Any other relief the Court deems reasonable and just.

## JURY TRIAL DEMANDED

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff and Class Members are entitled to, and demand, a trial by jury.

Respectfully submitted,

**SWIGART LAW GROUP, APC**
Date:  July 12, 2026                    By:  *s/ Joshua Swigart*
Joshua B. Swigart, Esq.
Josh@SwigartLawGroup.com

**SHAY LEGAL, APC**
Date:  July 12, 2026                    By:  *s/ Daniel Shay*
Daniel G. Shay, Esq.
Dan@ShayLegal.com

*Attorneys for Plaintiff
and the Putative Class*

24

Complaint - Class Action